JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ramona Vance

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert N. Braker, Esquire, Saltz, Mongeluzzi, Barrett & Bendesky, P.C., 52nd Floor, 1650 Market Street, Philadelphia, PA 19103

## DEFENDANTS
Nationwide Mutual Insurance Company

County of Residence of First Listed Defendant: Franklin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Pamela A. Carlos, Esquire and Joseph Acquaviva, Esquire, Bennett, Bricklin & Saltzburg LLC, 1601 Market Street, 16th Floor, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332

Brief description of cause:
underinsured motorist claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/04/2019

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| RAMONA VANCE | : CIVIL ACTION |
| v. | : |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : NO: |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

1/4/19
_____   _____   **Attorney for Defendant**
Date                                              Attorney-at-law

4849-1006-8063, v. 1

**UNITED STATES DISTRICT COURT**                                                         **APPENDIX F**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  __2002 S. Avondale Street, Philadelphia, PA 19142__

Address of Defendant:  __One Nationwide Plaza, Columbus, Ohio 43215__

Place of Accident, Incident or Transaction:__insurance contract issued in Pennsylvania__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No X

Does this case involve multidistrict litigation possibilities?
                                                                                                                                                  Yes☐   No X
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No X
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No X
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No X

CIVIL: (Place _ in ONE CATEGORY ONLY)
A. Federal Question Cases:

B. Diversity Jurisdiction Cases:
☐ Indemnity Contract, Marine Contract, and All Other Contracts
**X Insurance Contract and Other Contracts**
☐ FELA                                                 ☐ Airplane Personal Injury
☐ Jones Act-Personal Injury         ☐ Assault, Defamation
☐ Antitrust                                          ☐ Marine Personal Injury
☐ Patent                                             ☐ Motor Vehicle Personal Injury
☐ Labor-Management Relations  ☐ Other Personal Injury (Please specify)
☐ Civil Rights                                    ☐ Products Liability
☐ Habeas Corpus                             ☐ Products Liability — Asbestos
☐ Securities Act(s) Cases               ☐ All other Diversity Cases
☐ Social Security Review Cases              (Please specify)

☐ All other Federal Question Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
(Check appropriate Category)
I,_____, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3( c))(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case        exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE:_____          _____          _____
                                          Attorney-at-Law                                              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:__1/4/19__          __Joseph Acquaviva, Esq.__          __204456__
                                          Attorney-at-Law                                   Attorney I.D.#

CIV. 609 (4/03)

4834-0994-9279, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RAMONA VANCE | : CIVIL ACTION |
|---|---|
| v. | : |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : NO: |

## NOTICE FOR REMOVAL

AND NOW, comes Defendant, Nationwide Property And Casualty (incorrectly designated as "Nationwide Mutual Insurance Company") (hereafter "Nationwide" or "defendant"), for the purpose only of removing this case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1. This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, docket No. 181103388.

2. Said action was commenced on November 30, 2018 via the filing of a Complaint. True and correct copies of all processes, pleadings, and orders filed in state court are attached hereto as Exhibit "A."

3. The Complaint was served upon defendant on December 10, 2018 via certified mail. (*See* Ex. "A").

4. The averments made herein are true and correct with respect to the date and time upon which suit was commenced and the date upon which this notice is being filed.

5. This suit is of a civil nature and involves a controversy between citizens of different states.

6. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

7. Defendant is now and was at the time plaintiff commenced this civil action and

filed the Complaint, a corporation organized under the laws of the State of Ohio with its principal place of business at One Nationwide Plaza in Columbus, Ohio.

8. Complete diversity between the parties existed on the date the Complaint was filed in state court, the date this action was removed to federal court, and all times in-between and currently.

9. The Complaint asserts breach of contract and bad faith pursuant to 42 PA C.S.A. § 8371 against defendant.

10. The underlying lawsuit against defendant arises out of Nationwide's alleged failure to adequately pay plaintiff's uninsured motorist ("UM") benefits for injuries sustained in an accident that occurred on or about July 20, 2016. (*See* Ex. "A").

11. Nationwide seeks to remove this matter to the United State District Court for the Eastern District of Pennsylvania. Nationwide asserts that the amount in controversy in this matter exceeds $75,000. As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court. *Russ vs. State Farm Mutual Automobile Insurance Company*, 961 F.Supp. 808, 810 (E.D. Pa. 1997).

12. In determining whether the jurisdiction amount has been satisfied, the Court must first look at the complaint. *Angus vs. Shiley, Inc.*, 989 F.2d 142, 145 (3rd Cir. 1993).

13. In both the breach of contract claim plaintiff claims his damages are $50,000 and in the bad faith count, plaintiff is seeking damages in excess of $50,000 as well as interest upon the amount of the contract claim against defendant at prime rate plus three percent, punitive damages, attorney's fees and costs.

14. With reference to the bad faith claim pursuant to 42 Pa. C.S.A.§ 8371, plaintiff seeks attorney fees. Attorney fees must also be included in determining the amount in controversy.

4845-6233-4047, v. 1

*Neff vs. General Motors Corp.*, 163 F.R.D. 478, 482 (E.D. Pa. 1995). It would not be unreasonable to expect that over the course of an approximate six month litigation, counsel could incur costs and fees in an amount approaching $20,000.

15. In addition, plaintiff also seeks punitive damages pursuant to 42 Pa. C.S.A. §8371. Whether both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. *Bell vs. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).

16. In the event plaintiff is able to sustain a finding of bad faith, although the propriety of same is disputed by defendant, it would not be unreasonable to expect that a punitive damage award two to three times the amount in controversy could be rendered by the trier of fact.

17. Further, defendant's counsel inquired of plaintiff's counsel as to whether plaintiff was willing to execute a stipulation limiting the damages sought to an amount not exceeding $75,000.00. Plaintiff's counsel has not responded to defendant's counsel's request.

18. Therefore, the amount in controversy exceeds $75,000, and this action is properly removable on diversity grounds.

19. This notice of removal was filed within thirty (30) days from the date plaintiff served the Complaint on defendant, and this notice of removal is therefore timely under 28 U.S.C. § 1446.

20. Defendant has simultaneously with the filing of this notice, given written notice to plaintiffs.

21. Defendant is also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

22. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders filed

4845-6233-4047, v. 1

with the state court are attached as Exhibit "A."

23. Trial has not commenced in the state court action.

**WHEREFORE,** defendant hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

                                              **BENNETT, BRICKLIN & SALTZBURG, L.L.C.**

                **By:** _____
                                              PAMELA A. CARLOS, ESQUIRE
                                              Attorney I.D. No. 56396
                                              JOSEPH ACQUAVIVA
                                              Attorney I.D. No. 204456
                                              1601 Market Street, 16th Floor
                                              Philadelphia, PA 19103
                                              (215) 561-4300
                                              carlos@bbs-law.com
                                              Attorney for Defendant

DATE: January 4, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMONA VANCE | : CIVIL ACTION |
| v. | : |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : NO: |

## NOTICE

**TO:** Robert N. Braker, Esquire
**Saltz, Mongeluzzi, Barrett & Bendesky, P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103

PLEASE TAKE NOTICE that defendant, Nationwide Property And Casualty Insurance Company (incorrectly designated as "Nationwide Mutual Insurance Company"), has filed in this Court a verified Notice for Removal of the State Court action, <u>Ramona Vance v. Nationwide Mutual Insurance Company</u>, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, docket No. 181103388.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court. The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

BENNETT, BRICKLIN & SALTZBURG LLC

By: _____
PAMELA A. CARLOS, ESQUIRE
Attorney I.D. No. 56396
JOSEPH ACQUAVIVA
Attorney I.D. No. 204456
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
carlos@bbs-law.com
acquaviva@bbs-law.com

4845-6233-4047, v. 1

DATE: January 4, 2019                    Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMONA VANCE | : CIVIL ACTION |
| v. | : |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : NO: |

## PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA:
§
COUNTY OF PHILADELPHIA

Joseph Acquaviva, Esquire, being duly sworn according to law, deposes and says that he is an attorney with the law firm of Bennett, Bricklin & Saltzburg, LLC, attorneys for defendant, Nationwide Property And Casualty Insurance Company (incorrectly designated as "Nationwide Mutual Insurance Company").

That he did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on 4th day of January 2019.

BENNETT, BRICKLIN & SALTZBURG LLC

By: _____
PAMELA A. CARLOS, ESQUIRE
Attorney I.D. No. 56396
JOSEPH ACQUAVIVA
Attorney I.D. No. 204456
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
carlos@bbs-law.com
acquaviva@bbs-law.com
Attorney for Defendant

Sworn to and subscribed before me this 4th day of January, 2019.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2021

4845-6233-4047, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMONA VANCE | : CIVIL ACTION |
| v. | : |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : NO: |

**PROOF OF SERVICE**

COMMONWEALTH OF PENNSYLVANIA:
　　　　　　　　　　　　　　　　　§
COUNTY OF PHILADELPHIA　　　　:

    Joseph Acquaviva, being duly sworn according to law, deposes and says that he is an attorney with law firm of Bennett, Bricklin & Saltzburg, LLC, attorneys for defendant, Nationwide Affinity Insurance Company Of America (incorrectly designated as "Nationwide Mutual Insurance Company"), and that he did serve this 4th day of January 2019, the aforementioned notice to plaintiffs upon the individual named below by depositing a copy of same in the United States Post Office box, postage prepaid, enclosed in an envelope plainly addressed to: Robert N. Braker, Esquire, Saltz, Mongeluzzi, Barrett & Bendesky, P.C., 1650 Market Street, 52nd Floor, Philadelphia, PA 19103.

　　　　　　　　　　　　　　　　　BENNETT, BRICKLIN & SALTZBURG LLC

　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　PAMELA A. CARLOS, ESQUIRE
　　　　　　　　　　　　　　　　　Attorney I.D. No. 56396
　　　　　　　　　　　　　　　　　JOSEPH ACQUAVIVA
　　　　　　　　　　　　　　　　　Attorney I.D. No. 204456
　　　　　　　　　　　　　　　　　1601 Market Street, 16th Floor
　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　(215) 561-4300
　　　　　　　　　　　　　　　　　carlos@bbs-law.com
　　　　　　　　　　　　　　　　　acquaviva@bbs-law.com
　　　　　　　　　　　　　　　　　Attorney for Defendant

Sworn to and subscribed
before me this 4th day
of January, 2018.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2021

4845-6233-4047, v. 1

# EXHIBIT "A"

L0018613100912091B

**Court of Common Pleas of Philadelphia County**
**Trial Division**
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
NOVEMBER 2018
E-Filing Number: 1811062974
**003388**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RAMONA VANCE | NATIONWIDE MUTUAL INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2002 S. AVONDALE STREET<br>PHILADELPHIA PA 19142 | ONE NATIONWIDE PLAZA<br>COLUMBUS OH 43215 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration  [ ] Mass Tort  [ ] Commerce  [ ] Settlement<br>[X] Jury  [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors<br>[ ] Non-Jury  [ ] Petition  [ ] Statutory Appeals  [ ] W/D/Survival<br>[ ] Other: |

**CASE TYPE AND CODE**
10 - CONTRACTS OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
NOV 30 2018
M. BRYANT

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES   NO

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RAMONA VANCE
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ROBERT N. BRAKER | 1650 MARKET STREET<br>52ND FLOOR<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER | FAX NUMBER |  |
| (215) 496-8282 | (215) 496-0999 |  |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 62583 | rbraker@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ROBERT BRAKER | Friday, November 30, 2018, 02:18 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

L0018613101012091B

THIS IS NOT AN ARBITRATION. ASSESSMENT OF DAMAGES HEARING REQUIRED.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
BY: ROBERT N. BRAKER, ESQUIRE
IDENTIFICATION NO. 62583
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
(215) 496-8282

ATTORNEY FOR PLAINTIFF

| RAMONA VANCE<br>2002 S Avondale Street<br>Philadelphia, PA 19142 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>LAW DIVISION |
|---|---|
| v. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY<br>One Nationwide Plaza<br>Columbus, OH 43215 | NOVEMBER TERM, 2018<br>NO. |
| | JURY TRIAL DEMANDED |

## NOTICE TO PLEAD

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

**AVISO**

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días, a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y también para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICO DE REFERENCA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

Case ID: 181103388

L0018613101112 0918

## COMPLAINT – CIVIL ACTION

Plaintiff, Ramona Vance, claims of Defendant, Nationwide Mutual Insurance Company a sum in excess of $50,000.00 in damages, upon causes of action whereof the following are true statements:

1. Plaintiff, Ramona Vance, is an adult individual residing at 2002 S Avondale Street, Philadelphia, PA 19142.

2. Defendant, Nationwide Mutual Insurance Company ("Nationwide"), is a business entity organized and existing under and by virtue of the laws of the State of Ohio, which at all times mentioned herein, performed regular, systematic, and continuous business in Philadelphia County, Pennsylvania, with its principal place of business located at One Nationwide Plaza, Columbus, OH 43215.

3. On July 20, 2016, Plaintiff, Ramona Vance, was the operator of a certain motor vehicle, namely a 2015 Toyota Rav 4 bearing PA license plate number JZJ9326, which motor vehicle was lawfully and properly stopped eastbound on Woodland Avenue at or near its intersection with 70th Street in Philadelphia, PA, in recognition and appreciation of the traffic and road conditions then and there existing.

4. At the aforesaid time and place, Plaintiff's aforesaid vehicle was suddenly and without warning rear-ended by an unknown driver ("the tortfeasor"), which driver left the accident scene immediately following said accident.

6. As a direct and proximate result of the negligence of the tortfeasor, Plaintiff, Romano Vance, suffered and will continue to suffer from severe, permanent and disabling injuries, including but not limited to a L3-4 disc herniation, T11-12 disc bulge, T12-L1 disc bulge, L1-2 disc bulge, L2-L3 disc bulge, L5-S1 disc bulge, L4-5 disc bulge, exacerbation of right shoulder infraspinatus, suraspinatus and subscapularis tears, exacerbation of right bicep tendon tear, cervical

Case ID: 181103358

sprain/strain, back sprain/strain, headaches, neck pain, and damage to plaintiff's nerves and nervous system and other injuries, the full extent of which is not yet known.

7. As a direct and proximate result of the negligence of the tortfeasor, plaintiff, Ramona Vance, has required and will continue to require medical care and treatment, diagnostic testing, use of pain medication and the use of rehabilitative services.

8. As a direct and proximate result of the negligence of the tortfeasor, plaintiff, Ramona Vance, incurred medical expenses and will continue to incur medical expenses for care and treatment of her injuries for a long and indefinite period of time in the future.

9. As a direct and proximate result of the negligence of the tortfeasor, plaintiff, Ramona Vance, has suffered and will continue to suffer pain, discomfort, inconvenience, anxiety, embarrassment, humiliation, loss of life's pleasures, suffering and the inability to engage in her usual enjoyment of life, now and into the future.

10. At the time of the accident, the plaintiff was insured under an insurance policy with defendant, Nationwide, policy number 587E963459, (the "policy").

11. The plaintiff's policy provided uninsured motorist coverage.

12. As a result of the selection of uninsured motorist benefits, the plaintiff paid and the defendant accepted increased premium payments for said coverage.

13. At the time of the aforesaid accident, the plaintiff purchased uninsured motorist coverage to protect her own financial integrity for herself in the event she was injured by the negligence of a driver who was uninsured or could not be identified.

14. Defendant Nationwide's policy provided uninsured motorist coverage in the amount of $100,000. A true and correct copy of the applicable declaration page is attached hereto as Exhibit "A".

Case ID: 181103388

15. The plaintiff has fully complied with all of the terms, conditions and duties required under the insurance policy.

16. Defendant, Nationwide, has failed to objectively and reasonably evaluate the plaintiff's claim.

17. Defendant, Nationwide, has failed to promptly offer payment of the reasonable and fair value of the uninsured motorist claim to the plaintiff.

18. Defendant, Nationwide, has failed to reasonably investigate the plaintiff's claim inasmuch as a thorough and proper inquiry would have clearly revealed that the plaintiff sustained injuries, damages and losses which would have required a substantial offer.

19. As the insurer of the plaintiff, defendant, Nationwide, owes a fiduciary, contractually and statutory obligation and duty to plaintiff to investigate, evaluate and negotiate the uninsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

20. For the reasons set forth above, defendant, Nationwide, has violated, breached and otherwise, failed to fulfill its legal obligations and duties owed to the plaintiff under the terms and conditions of the policy and insurance contract.

WHEREFORE, Plaintiff, Ramona Vance, claims of Defendant, Nationwide, a sum in excess of $50,000.00 in damages and brings this action to recover same.

## COUNT II: BAD FAITH

21. Plaintiff incorporates by reference paragraphs 1 through 20 above as though fully set forth hereinafter at length.

22. For the reasons set forth above, including, but not limited to, failing to reasonably investigate the plaintiff's claim, failing to objectively and reasonably evaluate the plaintiff's claim and failing to promptly offer payment of the reasonable and fair value of the uninsured motorist claim to

the plaintiff, Defendant, Nationwide, has violated the policy's covenant of good faith and fair dealing and/or committed the tort of bad faith, including, but not limited to, violating 42 Pa. C.S.A. § 8371, for which Defendants are liable for interest on the claim from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages, and such other compensatory and/or consequential damages allowed by the law.

**WHEREFORE**, Plaintiff, Ramona Vance, demands judgment against Defendant for bad faith damages including requiring that Defendant, Nationwide, incur statutory penalties including interest and counsel fees and such other relief as the Court deems fair and proper.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

By: _____
ROBERT N. BRAKER, ESQUIRE

Case ID: 181103388

L00186131015120918

## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of the 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

*Ramona Vance*
RAMONA VANCE

Date:_____

Case ID: 181103388

BENNETT, BRICKLIN & SALTZBURG LLC  
BY: PAMELA A. CARLOS, ESQUIRE  
ATTORNEY I.D. NO. 56396  
BY: JOSEPH ACQUAVIVA, ESQUIRE  
ATTORNEY I.D. NO. 204456  
1601 MARKET STREET, 16TH FLOOR  
PHILADELPHIA, PA 19103  
(215) 561-4300  
carlos@bbs-law.com  
acquaviva@bbs-law.com  

Attorneys for Defendant, Filed and Attested by the  
Nationwide Mutual Insurance Office of Judicial Records  
21 DEC 2018 10:54 am  

| | |
|---|---|
| RAMONA VANCE | : COURT OF COMMON PLEAS |
|  | : TRIAL DIVISION |
| v. | : PHILADELPHIA COUNTY |
|  | : |
| NATIONWIDE MUTUAL | : |
| INSURANCE COMPANY | : NO: 181103388 |

## ENTRY OF APPEARANCE

**TO THE PROTHONOTARY:**

Kindly enter our appearances as co-counsel on behalf of defendant, Nationwide Mutual Insurance Company, in the above captioned matter.

BENNETT, BRICKLIN & SALTZBURG LLC

BY: /s/ Pamela A. Carlos  
PAMELA A. CARLOS, ESQUIRE

BY: /s/ Joseph Acquaviva  
JOSEPH ACQUAVIVA, ESQUIRE

Attorneys for Defendant,  
Nationwide Mutual Insurance Company

Case ID: 181103388